■ DERRICK D. HOLNESS, Respondent, v CHRYSLER CORPORATION, Appellant. [633 NYS2d 986] —In an action to recover damages for the alleged wrongful termination of the plaintiff's employment, the defendant appeals from so much of an order of Supreme Court, Westchester County (Lefkowitz, J.), dated May 23, 1994, as denied its cross motion for a protective order and directed it to respond to the plaintiff's first request for documents.

Ordered that the order is reversed insofar as appealed from, with costs, the defendant's cross motion for a protective order is granted, the plaintiff's first request for documents dated January 8, 1993, is vacated, without prejudice to the plaintiff to renew his request pursuant to an appropriate notice to obtain discovery and inspection in accordance herewith.

The failure of a party to challenge the propriety of a notice

for discovery and inspection pursuant to CPLR 3120 within the time prescribed by CPLR 3122 forecloses inquiry into the propriety of the information sought except with regard to material that is privileged pursuant to CPLR 3101 or requests that are palpably improper (see, Muller v Sorensen, 138 AD2d 683, 684).

The defendant correctly contends that the plaintiff's first request for documents is palpably improper since it seeks information of a confidential and private nature that is not relevant to the issues in this case (see, Zimmer v Cathedral School of St. Mary & St. Paul, 204 AD2d 538; Grossman v Lacoff, 168 AD2d 484, 485). In addition to being palpably improper for the foregoing reason, specifications 4, 5, 6, 7, and 16 are so overbroad as to rise to the level of being palpably improper (see, Zambelis v Nicholas, 92 AD2d 936). Sullivan, J. P., Thompson, Copertino, Krausman and Florio, JJ., concur.