*106 OPINION OF THE COURT
Memorandum.
Order insofar as appealed from unanimously affirmed without costs.
Plaintiff, a health care provider, commenced the instant action against defendant to recover no-fault billings. Plaintiff moved for summary judgment alleging that defendant was precluded from denying liability by reason of defendant’s failure to deny the claim within 30 days as required by section 5106 (a) of the Insurance Law. The lower court denied the motion on the ground that an issue of fact exists as to whether plaintiff had violated the prohibitions contained in section 238-a of the Public Health Law. Said section provides in relevant part as follows:
“Prohibition of financial arrangements and referrals
“1. (a) A practitioner authorized to order clinical laboratory services, pharmacy services, radiation therapy services or x-ray or imaging services may not make a referral for such services to a health care provider authorized to provide such services where such practitioner or immediate family member of such practitioner has a financial relationship with such health care provider.
“(b) A health care provider or a referring practitioner may not present or cause to be presented to any individual or third party payor or other entity a claim, bill, or other demand for payment for clinical laboratory services, pharmacy services, radiation therapy services or x-ray or imaging services furnished pursuant to a referral prohibited by this subdivision * * *
“7. If a referring practitioner or a health care provider furnishing clinical laboratory services, pharmacy services, radiation therapy services or x-ray or imaging services or any other person or entity collects any amounts that were billed in violation of this section, such referring practitioner and health care provider and other person or entity shall be jointly and severally liable to the payor for any amounts so collected.” (Emphasis added.)
A “financial relationship” is defined in section 238 (3) of the Public Health Law as “an ownership interest, investment interest or compensation arrangement.” A review of the record on appeal indicates that the referring physician was the president of the health care provider and therefore may have come within the purview of subdivision (1) of section 238-a. Although *107 plaintiff argues that defendant should be estopped from raising said defense as it was not contained in defendant’s answer, said fact alone does not constitute a bar thereto (see, 6B Carmody-Wait 2d, NY Prac § 39:22).
It should be noted that the various provisions of section 238-a have different effective dates and said section contains exceptions and definitions which may make the prohibitions of the section inapplicable to plaintiff. Further, plaintiff argues on appeal that it comes within the group practice exception to subdivision (1) contained in subdivision (2) of section 238-a. However, it cannot be determined from a review of the record on appeal whether plaintiff, by reason of the foregoing, was exempt from the prohibitions of the section. In this regard it should be noted that there is nothing to indicate that plaintiff comes within the group practice exception aside from plaintiff’s attorney’s bare assertion to said effect in its brief on appeal.
Finally, in Central Gen. Hosp. v Chubb Group (90 NY2d 195, 199-200), the Court of Appeals stated as follows:
“We are persuaded that an insurer, despite its failure to reject a claim within the 30-day period prescribed by Insurance Law § 5106 (a) and 11 NYCRR 65.15 (g) (3), may assert a lack of coverage defense premised on the fact or founded belief that the alleged injury does not arise out of an insured incident. The denial of liability based upon lack of coverage within the insurance agreement, as framed in part by the litigation strategy and nature of the instant dispute, is distinguishable from disclaimer attempts based on a breach of a policy condition (see, Zappone v Home Ins. Co., supra, 55 NY2d, at 136-137; contrast, Presbyterian Hosp. v Maryland Cas. Co., 90 NY2d 274 [decided today]). Precedent and logical analysis support the extension of the Zappone exception here. Strict compliance with the time requirements of both the statute and regulations may be obviated and the preclusion remedy rendered unavailable when denial of claims is premised on a lack of coverage. Our precise holding is, therefore, narrower than the sweep of the proposition advanced by the concurring opinion.
“We would not, for example, extend this exceptional exemption to excuse Chubb’s untimely defense in relation to the treatment being deemed excessive by the insurer. That would not ordinarily implicate a coverage matter and, therefore, failure to comply with the Insurance Law time restriction might properly preclude the insurer from a belated rejection of the billing claim on that basis.
“Insurance Law § 5106 (a) provides that ‘[pjayments of first party benefits * * * are overdue if not paid within thirty days *108 after the claimant supplies proof of the fact and amount of loss sustained.’ This statute corresponds with Insurance Department regulation 11 NYCRR 65.15 (g) (3), which prescribes that ‘[w]ithin 30 calendar days after proof of claim is received, the insurer shall either pay or deny the claim in whole or in part.’ Notably, 11 NYCRR 65.15 (g) (5) requires that an insurer denying a claim on a no coverage basis ‘notify the applicant within 10 business days after such determination.’ A failure to provide such notification, however, does not preclude an insurer from resisting a summary judgment motion in an Insurance Law § 5106 (a) action with a defense based on lack of coverage (11 NYCRR 65.15 [g] [5]).
“In Zappone v Home Ins. Co. (55 NY2d 131, supra) this Court held that an insurer’s failure to timely disclaim coverage pursuant to former Insurance Law § 167 (8) (superseded by Insurance Law § 3420 [d]) does not preclude it from later denying liability on the ground that the insurance agreement itself does not cover the particular automobile involved in the accident (id., at 135; see also, Matter of Prudential Prop. & Cas. Ins. Co. v Hobson, 67 NY2d 19, 20-21). Zappone distinguished a denial of liability circumstance based upon a policy exclusion and a breach of a policy condition from the situation in which an insurer claims no contractual relationship with respect to the subject vehicle and incident (Zappone v Home Ins. Co., supra, at 136-137; contrast, Presbyterian Hosp. v Maryland Cas. Co., 90 NY2d 274, supra). Interpreting former Insurance Law § 167 (8), the Court concluded ‘that the Legislature in using the words “denial of coverage” did not intend to require notice when there never was any insurance in effect, and intended by that phrase to cover only situations in which a policy of insurance that would otherwise cover the particular accident is claimed not to cover it because of an exclusion in the policy’ (55 NY2d, at 138). The Court reasoned that ‘[a] contrary rule would impose an intolerable burden on carriers, subject as they are to penalty for a misrepresentation concerning coverage’ (id., at 138).”
Research has failed to reveal any case where the exception to the 30-day rule has been extended to cases involving a denial of liability based upon a violation of section 238-a of the Public Health Law. However, in light of the specific wording of subdivision (1) thereof, the fact that subdivision (7) permits the recovery of payments to a health care provider and a health care provider may be subject to serious penalties for violating said section (see, Public Health Law § 12-b), it logically follows *109 that the 30-day limitation set forth in section 5106 (a) of the Insurance Law would not apply if the instant case fell within the ambit of section 238-a (1) of the Public Health Law.
In view of the foregoing, the lower court properly held that issues of fact exist warranting a denial of plaintiffs motion for summary judgment.
Ingrassia, J. P., Floyd and Palella, JJ., concur.