■ ANGEL GARCIA et al., Respondents, v JOMBER REALTY, INC., Appellant. [695 NYS2d 607] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (R. Goldberg, J.), dated August 4, 1998,

as denied those branches of its cross motion which were for a further deposition of the plaintiff Nayda Olmo, a further psychological examination of the plaintiffs, and disclosure pursuant to a notice of discovery and inspection of the name and last known address of the individual who had painted the plaintiffs' apartment during the period of time that the plaintiffs resided there.

Ordered that the appeal from so much of the order as denied that branch of the cross motion which was for a further deposition of the plaintiff Nayda Olmo is dismissed, as that portion of the order is not appealable as of right and leave to appeal has not been granted (*see, Sainz v New York City Health & Hosps. Corp.,* 106 AD2d 500); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion which was for disclosure pursuant to the notice of discovery and inspection of the name and last known address of the individual who painted the plaintiffs' apartment and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the time of the plaintiffs to provide the name and last known address of the individual who painted their apartment is extended until 30 days after service upon the plaintiff Nayda Olmo of a copy of this decision and order, with notice of entry.

The failure of a party to challenge the propriety of a notice for discovery and inspection pursuant to CPLR 3120 within the time prescribed by CPLR 3122 forecloses inquiry into the propriety of the information sought except with regard to material that is privileged pursuant to CPLR 3101, or requests that are palpably improper (*see, Holness v Chrysler Corp.,* 220 AD2d 721). In this case, the information sought by the defendant with regard to the individual who painted the plaintiffs' apartment did not qualify under either exception and thus should be disclosed.

The defendant's remaining contentions are without merit. S. Miller, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.