■ SALLY WOO, Respondent, v BORIS A. SHIMUNOV et al., Appellants. [710 NYS2d 547] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Price, J.), dated July 7, 1999, which granted the plaintiff's motion pursuant to CPLR 3124 to compel them to provide the name and address of the owner of the medallion of the vehicle owned by the defendant Strip Transit, Inc., and operated by the defendant Boris A. Shimunov, and denied their cross motion pursuant to CPLR 3103 for a protective order.

Ordered that the order is affirmed, with costs.

The defendants concededly failed to timely move for a protective order to challenge the propriety of the plaintiff's disclosure request for the name and address of the medallion owner of the taxicab at issue. The failure of a party to challenge a notice for discovery and inspection pursuant to CPLR 3120 within the time prescribed by CPLR 3122 forecloses inquiry into the propriety of the information sought. The only exceptions made are with regard to material that is privileged pursuant to CPLR 3101 or requests that are palpably improper (*see, Otto v Triangle Aviation Servs.*, 258 AD2d 448; *Holness v Chrysler Corp.*, 220 AD2d 721). The defendants failed to demonstrate that the name and address of the medallion owner is privileged information or that the request was palpably improper. Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.