OPINION OF THE COURT
Daniel Palmieri, J.
This is a motion by defendant seeking to compel disclosure of various items. Specifically, a videotape of plaintiff’s wedding reception, photographs of the wedding reception, an authorization for Dr. Mary Lambarara and the name, address and phone number of the business that was hired to take the wedding video. Plaintiff opposes the motion and has cross-moved for a protective order.
*778 Defendant’s motion is granted to the extent set forth herein and plaintiffs cross motion is denied.
This action arises out of an auto accident which occurred on September 23, 1999 in Huntington, New York. Plaintiff was married approximately two years later, on October 13, 2001. Defendant formally requested the wedding video in a notice for discovery and inspection, dated February 11, 2002. On June 3, 2002 a conference was held, at which time plaintiff refused to turn over the videotape. Defendant contends that plaintiff has waived her right to object, since the objection was made well beyond the requisite time frame.
CPLR 3122 (a) provides in part, “Within twenty days of service of a notice under rule 3120 or section 3121, the party to whom the notice is directed, if that party objects to the disclosure, inspection or examination, shall serve a response which shall state with reasonable particularity the reasons for each objection.” A failure to make a timely challenge to the propriety of defendant’s request for disclosure of the videotape will foreclose such an inquiry where the information sought is not privileged, and the request is not palpably improper. (Garcia v Jomber Realty, 264 AD2d 809 [2d Dept 1999].) “A disclosure request is palpably improper if it seeks information of a confidential and private nature that does not appear to be relevant to the issues in the case.” (Saratoga Harness Racing v Roemer, 274 AD2d 887, 889 [3d Dept 2000].) Because plaintiff did not make a timely objection to disclosure of the videotape, the only issue which exists is whether the video is relevant to the claim. However, upon analysis a timely objection would not have altered the result.
Plaintiff stated in her deposition held in February 2002 that she can no longer engage in activities such as running or horseback riding, due to permanent injuries she suffered as a result of the accident. These injuries are outlined in great detail in plaintiff’s bill of particulars, and include multiple disc herniations and bulges. Counsel for defendant contends that the video may show plaintiff in activities such as dancing, and as such is extremely relevant to the claim. While this contention may be speculation to some extent, it is certainly possible that the wedding video contains portions of the bride engaging in physical activities.
Plaintiff, in opposition to the motion, has submitted an affirmation of her attorney contending in part that the video is personal in nature, but he does not state whether he has seen the video and in what manner it might be considered to be intrusive.
*779 The delicate balance between allowing liberal disclosure and protecting the parties from unnecessary intrusions is left to the sound discretion of the lower courts. (Andon v 302-304 Mott St. Assoc., 94 NY2d 740 [2000].) CPLR 3101 (a) requires “full disclosure of all matter material and necessary in the prosecution or defense of an action.” The New York Court of Appeals has articulated that the words “material and necessary” should be interpreted liberally to require disclosure of any facts bearing on the controversy which will assist in preparation for trial. (Andon, supra.) “The test is one of usefulness and reason.” (Id. at 746.) Courts have also noted that the word “necessary” should be interpreted to mean “needful” rather than “indispensable.” (Allen v Crowell-Collier Publ. Co., 21 NY2d 403 [1968].) When disclosure has been successfully resisted, it has usually been because of the explicit protection of CPLR 3101 (b), (c) and (d), or because it would have been unusually burdensome for the party resisting disclosure to comply, and the party seeking disclosure could not justify the burden. The burden of demonstrating that particular items are exempt or immune from disclosure is on the party asserting such immunity. (Salzer v Farm Family Life Ins. Co., 280 AD2d 844 [3d Dept 2001].)
In 1993, subdivision (i) was added to CPLR 3101 and reads in part “[i]n addition to any other matter which may be subject to disclosure, there shall be full disclosure of any films, photographs, video tapes or audio tapes * * * .” This was apparently a response to the issue of surveillance tapes, surreptitiously made by defendants, of plaintiffs in order to undermine claims of injuries. The New York Court of Appeals has recognized that surveillance videotapes can be altered or distorted, therefore raising the level of scrutiny. (DiMichel v South Buffalo Ry. Co., 80 NY2d 184 [1992].) The Court was understandably concerned about the deceptive use of evidence in personal injury actions. This issue presumably does not exist where, as here, the videotape was created by the party seeking to withhold it. Plaintiffs wedding video was certainly not made in anticipation of litigation. Rather, it was intended to be a personal video documenting her wedding reception. Although plaintiffs videotape is clearly not a “surveillance tape,” subdivision (i) appears to address this set of facts as well, using language broad enough to encompass “any film, photograph or videotape * * * involving a person referred to in paragraph one of subdivision (a),” i.e., a party. This is consistent with the general policy of New York courts, allowing liberal disclosure. *780 Moreover, the 1993 addition of subdivision (i) only strengthens the argument for open disclosure. Finally, those portions of the videotape that are objectionable may be redacted, in accordance with CPLR 3101 (b) or any other provisions which may apply.
When one party seeks to discover personal items of another party, the relevancy of the discovery request must be established. For example, in a personal injury action a defendant’s karate manual was held discoverable since it was “possibly relevant” to the claim (Szafranski v Priebe, 152 AD2d 1003 [4th Dept 1989]), and telephone records of a plaintiff have been held to be discoverable (Greenfield v Lyons, 238 AD2d 281 [1st Dept 1997]). Whether it be telephone records, photographs, karate manuals or videotapes, New York case law is quite clear that any facts bearing on the controversy which will assist preparation for trial by sharpening the issues, will be subject to disclosure.
In his Practice Commentaries relating to surveillance tapes, David D. Siegel refers to an unreported case (Srok v L.I.R.R., Sup Ct, NY County, Aug. 18, 1993, Index No. 1671/92, Cohen, J.), wherein a plaintiff was required to surrender videotapes of her wedding reception. As Professor Siegel comments, “[t]he rule on discovery of surveillance tapes is a two-edged sword * * * just as tapes [defendant] has made of [plaintiff] are discoverable to [plaintiff], so are tapes [plaintiff] has made of her own activity discoverable to [defendant].” (Siegel, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:50, 2002 Pocket Part, at 27.) The rule on discovery of personal videotapes is clear. Where the videotape is relevant to the claimed damages, it must be disclosed.
Plaintiff claims to have sustained injuries to her back and neck, as outlined in the bill of particulars. These injuries are said to be “permanent, and will have permanent results.” The wedding video may or may not clarify these allegations. Nevertheless, applying the “material and necessary” standard to plaintiff’s wedding video makes it quite clear that it is relevant to the claim. Accordingly, plaintiff must provide a copy of the wedding reception video to defendant, the cost of duplication to be paid by defendant. As for the photographs depicting plaintiff’s wedding, contrary to defendant’s contention no demand was made at the preliminary conference which took place December 3, 2001. Defendant’s request for photographs of the wedding reception is denied. At that same preliminary conference, plaintiff agreed to produce an authorization for Dr. *781 Mary Lambarara. That being the case, plaintiff is ordered to produce an authorization. Counsel for defendant is also demanding that plaintiff produce the name, address and phone number of the persons hired to take the video. That information is indeed relevant and plaintiff shall disclose it also. Defendant’s request for an authorization as to the entity which took the video is denied since the method of obtaining discovery and inspection as to a nonparty is through the mechanism of CPLR 3120 (b). Plaintiff shall comply with the disclosure requirements of this decision no later than 30 days from the date hereof.