■ DASHAMIR MARKU et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendant. [784 NYS2d 389]—

In an action to recover damages for personal injuries, etc., the defendants New York City Transit Authority and Metropolitan Transportation Authority appeal from an order of the Supreme Court, Kings County (Jacobson, J.), dated October 1, 2003, which denied their motion to vacate a prior order of the same court dated May 22, 2003, sua sponte, directing them to provide the plaintiffs with pages 7, 15, 16, 19, 25, and 26 of the personnel file of the defendant Daniel Smith.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion which were to vacate so much of the order dated May 22, 2003, sua sponte, as directed the appellants to provide the plaintiffs with pages 7, 15, 19, 25, and 26 of the personnel file of the defendant Daniel Smith and substituting therefor a provision granting those branches of the motion with respect to pages 7, 15, 19, 25, and 26 of the personnel file; as so modified, the order is affirmed, without costs or disbursements, and the order dated May 22, 2003, is modified accordingly.

The Supreme Court erred in, sua sponte, directing the appellants, the defendants New York City Transit Authority and Metropolitan Transportation Authority, to provide the plaintiffs with pages 7, 15, 19, 25 and 26 of the personnel file of the defendant Daniel Smith. The contents of those pages are not relevant to the issues (cf. Holness v Chrysler Corp., 220 AD2d 721 [1995]; Harris v City of New York, 211 AD2d 663, 664-665 [1995]). In contrast, page 16 of the personnel file is relevant to the plaintiffs' claims and discoverable. Accordingly, those branches of the plaintiffs' motion which were to vacate so much of the order dated May 22, 2003, as directed the appellants to provide the plaintiffs with pages 7, 15, 19, 25, and 26 of the personnel file should have been granted. Florio, J.P., Goldstein, Adams, Rivera and Spolzino, JJ., concur.