■ MICHAEL MARINO et al., Appellants, v COUNTY OF NASSAU et al., Respondents. [791 NYS2d 438]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), dated April 14, 2004, which denied their motion to compel the defendants to comply with discovery demands.

Ordered that the order is affirmed, with costs.

The failure of a party to challenge the propriety of a notice for discovery and inspection pursuant to CPLR 3120 within the time prescribed by CPLR 3122 forecloses inquiry into the propriety of the information sought except with regard to material that is privileged pursuant to CPLR 3101 or requests that are palpably improper (*see Otto v Triangle Aviation Servs.*, 258 AD2d 448, 448-449 [1999]; *Holness v Chrysler Corp.*, 220 AD2d 721, 722 [1995]).

The defendants correctly contend that item No. 12 contained in the plaintiffs' combined demands for documents, which requested the production of any plans for the repair or resurfacing of the area in question that were in place prior to the date of the accident, was palpably improper. This demand was relevant, if at all, only to the issue of actual or constructive notice on the part of the defendants of the allegedly dangerous condition. Since neither was sufficient to overcome the lack of prior written notice required by Nassau County Administrative Code § 12-4.0 (e) (*see Amabile v City of Buffalo*, 93 NY2d 471, 474-476 [1999]; *Lysohir v County of Suffolk*, 10 AD3d 638, 639 [2004]; *Silva v City of New York*, 6 AD3d 604 [2004]), the requested information was immaterial and, as a result, the demand was palpably improper (*see Astudillo v St. Francis-Beacon Extended Care Facility, Inc.*, 12 AD3d 469 [2004]; *Bettan v Geico Gen. Ins. Co.*, 296 AD2d 469, 471 [2002]). The motion therefore was properly denied despite the defendants' failure to object in a timely manner. Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.