OPINION OF THE COURT
Patrick J. Barton, J.
The within action for payment of no-fault benefits was commenced on March 19, 2004.
*552 After hearing testimony and examining exhibits, I make the following findings of fact and conclusions of law.
Plaintiff is the assignee of Julia Johnson, who was involved in an automobile accident on July 19, 2003. At the time of the accident, there was an existing insurance policy issued by defendant containing benefits under the No-Fault Law.
Under this policy, plaintiffs assignor was entitled to health service expenses resulting from the accident. She was referred by her treating physician to plaintiff for MRIs of her lumbar and cervical spine, and on July 29, 2003, the MRIs were performed.
Plaintiff timely submitted a bill for $1,571.80 to defendant on or about September 16, 2003 for these MRIs together with a proper no-fault verification form.
Defendant timely denied payment and its denial of claim form contained the sole affirmative defense of no medical necessity for the MRIs. The defendant bears the burden of proof on this defense (see Choicenet Chiropractic PC. v Allstate Ins. Co., 2003 NY Slip Op 50672[U] [App Term, 2d & 11th Jud Dists 2003]; Prime Med. v Travelers Indem. Co., 2 Misc 3d 1009[A], 2004 NY Slip Op 50234[U] [Civ Ct, Kings County 2004]). At trial, defendant’s expert, Dr. Joseph C. Cole, testified that he conducted a peer review and came to the conclusion that these MRIs were not medically necessary. Dr. Cole’s report was admitted into evidence as defendant’s exhibit B. I find that Dr. Cole’s testimony was not sufficient to establish by a fair preponderance of the credible evidence defendant’s burden to rebut the presumption of medical necessity.
However, in addition to the defense of no medical necessity, defendant, for the first time at trial, raised an objection to the referral herein as an improper self-referral prohibited by section 238-a of the Public Health Law. This issue is one of first impression in this court. Section 238-a provides in pertinent part:
“Prohibition of financial arrangements and referrals
“1. (a) A practitioner authorized to order clinical laboratory services, pharmacy services, radiation therapy services, physical therapy services or x-ray or imaging services may not make a referral for such services to a health care provider authorized to provide such services where such practitioner or immediate family member of such practitioner has a financial relationship with such health care provider.
*553 “(b) A health care provider or a referring practitioner may not present or cause to be presented to any individual or third party payor or other entity a claim, bill, or other demand for payment for clinical laboratory services, pharmacy services, radiation therapy services, physical therapy services or x-ray or imaging services furnished pursuant to a referral prohibited by this subdivision . . .
“7. If a referring practitioner or a health care provider furnishing clinical laboratory services, pharmacy services, radiation therapy services, physical therapy services or x-ray or imaging services or any other person or entity collects any amounts that were billed in violation of this section, such referring practitioner and health care provider and other person or entity shall be jointly and severally liable to the payor for any amounts so collected.”
A “financial relationship” is defined in section 238 (3) of the Public Health Law as “an ownership interest, investment interest or compensation arrangement.” A review of the record in the instant matter indicates that the parties stipulated at trial that the referring physician, Dr. Gautam Khakar, was associated with Superior Medical Services, EC. According to certified records from the New York State Education Department (introduced as defendant’s exhibit C), the single shareholder of Superior Medical Services, EC. is Raymond V. Damadian. The certified records of the Education Department further revealed that Raymond V Damadian is also the single shareholder of Stand-Up MRI of the Bronx, the plaintiff herein. As such, I find that this referral falls within the ambit of subdivision (1) of section 238-a. Although the defense of improper referral was not contained in defendant’s denial of claim form, I find that the defense was properly raised at trial, as the 30-day time limitation set forth in section 5106 (a) of the Insurance Law does not apply to cases that fall within the purview of section 238-a (1) of the Public Health Law (see Ozone Park Med. Diagnostic Assoc. v Allstate Ins. Co., 180 Misc 2d 105 [App Term, 9th & 10th Jud Dists 1999]). I also note that this was raised as an affirmative defense in defendant’s answer.
Accordingly, this case is dismissed.