OPINION OF THE COURT
Memorandum.
Judgment reversed with $10 costs, order entered August 18, 2004 vacated, plaintiffs’ motion for partial summary judgment denied and defendant’s cross motion granted to the extent of ordering a hearing to determine plaintiffs’ compliance with Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.la and, in the event plaintiffs’ complaint is not stricken following said hearing, compelling plaintiffs to serve, within 30 days after entry of the posthearing order, responses to defendant’s sixth interrogatory and to produce the documents requested in the eighth, ninth, tenth and eleventh numbered paragraphs of defendant’s notice for discovery and inspection.
In this action to recover first-party no-fault benefits for medical services rendered to its assignor, plaintiffs established their prima facie entitlement to partial summary judgment by proof that they submitted claims, setting forth the fact and the amounts of the losses sustained, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]). Defendant’s assertion that it timely denied the claims lacks merit because the record does not contain an affidavit from a person with personal knowledge either stating that the December 20, 2002 denial of claim form was mailed or setting forth “a sufficiently detailed description of standard office mailing procedure so as to give rise to the presumption of mailing” (S&M Supply Inc. v Progressive Ins. Co., 8 Misc 3d 138[A], 2005 NY Slip Op 51312[U], *2 [App Term, 2d & 11th Jud Dists 2005]). Since defendant failed to pay or deny the claim within the 30-day prescribed period (11 NYCRR 65-3.8 [c]), it is precluded from raising most defenses (see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 282 [1997]). As a result, the burden shifted to defendant to demonstrate the existence of a material issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]).
However, defendant further claims that pursuant to CPLR 3212 (f), plaintiffs are not entitled to partial summary judgment *73 due to their failure to respond to discovery demands served upon them. Indeed, defendant even cross-moved to preclude plaintiffs from offering evidence at trial due to their failure to respond to said discovery demands or, in the alternative, to compel plaintiffs to respond to defendant’s discovery demands. Annexed to said cross motion were copies of various discovery demands defendant served upon plaintiffs which sought discovery of information regarding potential defenses which defendant is precluded from raising. Defendant also sought discovery regarding plaintiffs’ status as professional corporations licensed to practice in New York. Annexed to defendant’s cross motion was a copy of plaintiffs’ response to defendant’s discovery demands which, among other things, stated that plaintiffs would produce the documents requested in defendant’s notice for discovery and inspection. To the extent the discovery demands concerned matters relating to defenses which defendant is precluded from raising, they are palpably improper notwithstanding the fact that plaintiffs did not specifically object thereto (see Fausto v City of New York, 17 AD3d 520 [2005]; Marino v County of Nassau, 16 AD3d 628 [2005]; Garcia v Jomber Realty, 264 AD2d 809 [1999]). However, defendant’s sixth interrogatory and the documents requested in the eighth, ninth, tenth and eleventh numbered paragraphs of defendant’s notice for discovery and inspection sought information regarding the corporate structure and licensing status of plaintiffs.
In State Farm Mut. Auto. Ins. Co. v Mallela (4 NY3d 313 [2005]), the Court of Appeals answered a certified question from the United States Court of Appeals for the Second Circuit and held that insurers may withhold payment for first-party no-fault benefits provided by fraudulently licensed medical corporations to which patients have assigned their claims. As noted by the Court of Appeals, Business Corporation Law § 1507 provides: “A professional service corporation may issue shares only to individuals who are authorized by law to practice in this state a profession which such corporation is authorized to practice” (id. at 319 n 1) and, in addition, pursuant to 11 NYCRR 65-3.16 (a) (12), “[a] provider of health care services is not eligible for reimbursement under section 5102 (a) (1) of the Insurance Law if the provider fails to meet any applicable New York State or local licensing requirement” (id. n 2). We hold that a defense based upon plaintiffs’ allegedly fraudulent corporate licensure is not precluded (see State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005], supra; see generally *74 Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195 [1997]). Accordingly, the sixth interrogatory and eighth, ninth, tenth and eleventh numbered paragraphs in defendant’s notice for discovery and inspection sought information to which defendant was entitled pursuant to State Farm Mut. Auto. Ins. Co. v Mallela (4 NY3d 313 [2005], supra). Since said items were not palpably improper or privileged, plaintiffs were required, but failed, to challenge the propriety of defendant’s notice for discovery and inspection pursuant to CPLR 3120 within the time prescribed by CPLR 3122. Likewise, plaintiffs failed to object to defendant’s sixth interrogatory. As a result, plaintiffs are obligated to produce the information sought (see Fausto, 17 AD3d 520 [2005], supra; Marino, 16 AD3d 628 [2005], supra; Garcia, 264 AD2d 809 [1999], supra).
In view of the foregoing, plaintiffs’ motion for partial summary judgment should have been denied due to plaintiffs’ failure to respond to said discovery demands (see CPLR 3212 [f]). Moreover, defendant’s cross motion for an order precluding plaintiffs from offering evidence at trial or, in the alternative, compelling plaintiffs to respond to discovery demands should, subject to the outcome of the hearing for which this matter is remanded (see infra), be granted to the extent of requiring plaintiffs to respond to defendant’s sixth interrogatory and to produce the documents requested in the eighth, ninth, tenth and eleventh numbered paragraphs of defendant’s notice for discovery and inspection.
As indicated above, there is a threshold issue that must be resolved by the Civil Court. Defendant, in the court below as well as in this court, raises an issue concerning the genuineness of the signature of plaintiffs’ counsel, Amos Weinberg, on various papers submitted in this action. Although the complaint, plaintiffs’ notice of motion seeking partial summary judgment and the affidavit of service for said motion which were submitted to the Civil Court bore signatures which purported to be that of plaintiffs’ counsel, Mr. Weinberg, and which, at least, appear to have been signed by the same person, it is apparent to this court that the signatures on the notice of entry of the order appealed from and upon the respondents’ brief submitted to this court, also purportedly signed by Mr. Weinberg, are markedly different. Moreover, we are mindful of the fact that Mr. Weinberg previously testified in a hearing before the Civil Court, Queens County, that it was a pattern and practice in his office to have other people, who are not attorneys, sign his name on a *75 regular basis to documents which are filed in court (see Park Health Ctr. v Countrywide Ins. Co., 2 Misc 3d 737 [2003]). As a result, under the circumstances of this case, we are of the opinion that the branch of defendant’s cross motion which sought a hearing to determine which documents submitted in this case, if any, Mr. Weinberg signed in compliance with Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1. la should be granted.