OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
Plaintiff commenced this action to recover assigned first-party no-fault benefits for medical supplies furnished to its assignor. Plaintiff moved for summary judgment and defendants cross-moved to compel plaintiff to produce outstanding discovery and to appear for an examination before trial, or to strike plaintiffs complaint and dismiss the action for plaintiffs failure to provide discovery. By order entered April 21, 2005, from which the plaintiff now appeals, the court below denied plaintiffs motion and granted defendants’ cross motion to the extent of ordering a representative of plaintiff to appear for a deposition and to produce the records and documents requested in defendants’ notice to take deposition.
To establish a prima facie entitlement to summary judgment, plaintiff was required to demonstrate that it submitted the statutory claim forms, setting forth the fact and the amounts of the losses sustained, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]). While the affidavit submitted by plaintiff was insufficient to establish the mailing of the appended claim forms to defendants, said deficiency was cured by defendants’ acknowledgment of receipt on its denial of claim form (see A.B. Med. Servs. v New York Cent. Mut. Fire Ins. Co., 3 Misc 3d 136[A], 2004 NY Slip Op 50507[U] [App Term, 2d & 11th Jud Dists 2004]). Thus, plaintiff established a prima facie case entitling it to summary judgment and the burden shifted to defendants to demonstrate the existence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
In opposition to plaintiffs motion, defendants asserted that “there was a fraudulent scheme in the happening of the ac *121 cident,” a defense which survives preclusion (see Matter of Metro Med. Diagnostics v Eagle Ins. Co., 293 AD2d 751 [2002]). We find that defendants’ papers sufficiently demonstrate defendants’ “founded belief that the alleged injuries] do[ ] not arise out of an insured incident” (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]). Consequently, plaintiffs motion for summary judgment was properly denied (see Zuckerman v City of New York, 49 NY2d 557 [1980]).
With respect to defendants’ cross motion to compel discovery, we similarly find no basis to disturb the order of the court below. In addition to defendants’ entitlement to seek discovery as to the above-mentioned fraud defense, defendants interposed a second defense for which they seek discovery. Said defense alleged an improper self-referral in violation of the Public Health Law (§ 238-d) based upon defendants having determined that the assignor in the instant case was 1 of 40 people injured in multiple accidents who were all treated by the same chiropractor who prescribed virtually the same medical equipment to each injured person and that each injured person “coincidentally” obtained such medical equipment from plaintiff who then sought to recover from defendants. Public Health Law § 238-d and the regulations promulgated thereunder by the New York State Department of Health prohibit, among other things, a referral by a health care provider to certain enumerated types of entities, including a medical supply house such as plaintiff herein, if the health care provider or such provider’s immediate family has a financial interest in the entity, unless the health care provider adequately discloses the financial interest to his or her patient (see Public Health Law § 238-d [1]; 10 NYCRR 34-1.2 [f], [g]; 34-1.5). Indeed, if a health care provider makes a prohibited referral, the health care provider could be subject to civil and criminal penalties (see Public Health Law §§ 12, 12-b; see generally Public Health Law § 238-a).
In A.B. Med. Servs. PLLC v Utica Mut. Ins. Co. (11 Misc 3d 71 [App Term, 2d & 11th Jud Dists 2006]), we held that a defense based upon the fraudulent incorporation of a medical provider (State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005]) is not precluded even if it was not interposed in a timely denial. So, too, in the instant case, we hold that where a health care provider, who potentially faces civil and criminal penalties for an improper self-referral, seeks to recover assigned no-fault benefits arising from that referral through an entity in which he has an interest (see Public Health Law §§ 12, 12-b, 238-d [1]; *122 10 NYCRR part 34; Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195 [1997], supra; see also Public Health Law § 238-a; State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005], supra; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997]; Ozone Park Med. Diagnostic Assoc. v Allstate Ins. Co., 180 Misc 2d 105 [App Term, 9th & 10th Jud Dists 1999]), such a defense is not precluded even if it was not interposed in a timely denial. Accordingly, defendants are entitled to discovery of matters relevant to its defense of a prohibited self-referral (see generally A.B. Med. Servs. PLLC v Utica Mut. Ins. Co., 11 Misc 3d 71 [2006], supra). We note that the record is bereft of any indication that plaintiff timely objected to said discovery demands and the information sought to be obtained by defendants was neither privileged under CPLR 3101 nor palpably improper (see Fausto v City of New York, 17 AD3d 520, 522 [2005]; see Marino v County of Nassau, 16 AD3d 628 [2005]; Garcia v Jomber Realty, 264 AD2d 809 [1999]; see generally Allen v Crowell-Collier Publ. Co., 21 NY2d 403 [1968]; Shutt v Pooley, 43 AD2d 59 [1973]).