OPINION OF THE COURT
Memorandum.
Ordered that the judgment, insofar as appealed from, is affirmed, without costs.
In this action by a health care provider to recover assigned first-party no-fault benefits, defendant sought discovery of documents and information, and to depose Dr. Solomon, a principal of plaintiff, in relation to the propriety of plaintiffs incorporation and operation (see State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005]). After serving plaintiff with further discovery demands, defendant moved for an order, among other matters, consolidating this action with 201 other actions pending between the parties, compelling Dr. Solomon to appear for a deposition in relation to the consolidated actions, compelling discovery of the documents and information previously sought and authorizing additional discovery with respect to plaintiffs contractual relationships with other corporate providers and with certain named individuals. Plaintiff opposed defendant’s motion, arguing that defendant had failed to plead a defense based on fraud, and, in any event, that the discovery demands were overbroad, and cross-moved, pursuant to CPLR 3103, for a protective order “denying defendant’s request for further discovery and/or depositions,” and, alternatively, compelling its own discovery. Plaintiff argued that defendant had produced no proof that plaintiffs incorporation or operation violated state licensing laws, and that defendant’s failure timely to pay or *6 deny the claim forfeited all defenses including those based on plaintiffs alleged fraudulent incorporation or operation. Defendant opposed the cross motion and argued that plaintiffs January 5, 2009 stipulation, in an unrelated no-fault benefits recovery action, to produce much of the discovery sought by the defendant therein, should be construed to evidence the absence of merit to plaintiffs opposition to discovery. In an order entered June 11, 2009, the Civil Court denied plaintiffs cross motion for a protective order, in part, because “[plaintiff had] stipulated to the exact relief it now wishes to dispute.” The order further granted defendant’s motion to the extent of consolidating the 202 actions “for the limited purpose of determining . . . issues of plaintiffs fraudulent incorporation within the meaning of Mallela,” and directing that, within 90 days of the order, plaintiff must produce Dr. Solomon for a deposition “to answer questions concerning plaintiffs fraudulent incorporation within the meaning of Mallela” and that, within 60 days, plaintiff must
“[p]rovide complete responses to defendant’s discovery demands including but not limited to all factoring agreements or assignment of the disputed bills in question, all federal, state and local income tax returns for Radiology Today, EC. from 2006 to present, the names and addresses of all persons and entities with financial interest in the plaintiff as defined by Fublic Health Law § 238 . . . , all employee information as demanded . . . [and] all management agreements and personal tax return[s] of Dr. Robert Solomon from the year 2006 to [the] present.”
The order also stated that plaintiff’s failure to provide the discoveiy granted would “support motions to dismiss.” Flaintiff declined to comply with the order insofar as it granted defendant’s motion to compel discovery, and, by order dated October 9, 2009, the Civil Court dismissed the 202 consolidated actions. A judgment was entered on November 16, 2009. Flaintiff appeals from so much of the judgment as dismissed the complaint in the case at bar.
The defense that plaintiff is ineligible to receive no-fault benefits because it failed to comply with state or local licensing requirements “is not waived by the failure to assert it in a denial of claim form nor is it precluded as a result of an untimely denial” (Multiquest, P.L.L.C. v Allstate Ins. Co., 17 Misc 3d 37, 39 [App Term, 2d & 11th Jud Dists 2007] [citations omitted]). *7 No-fault benefits may not be paid to medical service corporations which submit “materially false filings with state regulators” (Mallela, 4 NY3d at 321) or, if properly formed under the “facially valid cover of . . . nominal physician-owners” (id. at 319), are operated by nonphysicians (id. at 321). In the latter case, “carriers may look beyond the face of licensing documents to identify willful and material failure to abide by state and local law” (id.), in particular, “New York State or local licensing requirement[s]” (Insurance Department Regulations [11 NYCRR] § 65-3.16 [a] [12]).
Plaintiff contends that the discovery order was improper because, in the answer and in support of its motion to compel discovery, defendant failed to “state[ ] in detail” the “circumstances constituting the wrong,” citing CPLR 3016 (b). There is no requirement that a defense predicated upon the failure to comply with “New York State or local licensing requirements] ” (Insurance Department Regulations [11 NYCRR] § 65-3.16 [a] [12]) be pleaded with particularity pursuant to CPLR 3016 (b) (see generally V.S. Med. Servs., P.C. v Allstate Ins. Co., 25 Misc 3d 39 [App Term, 2d, 11th & 13th Dists 2009]). In addition, while mere conclusory allegations are never sufficient to obtain discovery with respect to a Mallela-based defense, defendant’s motion papers were sufficient to demonstrate that a Mallelabased defense was potentially meritorious.
Plaintiffs motion for a protective order, filed nearly four months after defendant had served its supplemental discovery, was untimely (see CPLR 3122 [a]; Fair Price Med. Supply Corp. v ELRAC Inc., 12 Misc 3d 119, 122 [App Term, 2d & 11th Jud Dists 2006]). The failure of a party to timely challenge the propriety of discovery demands normally “obligated] [it] to produce the information sought” (New Era Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co., 24 Misc 3d 134[A], 2009 NY Slip Op 51396[U], *2 [App Term, 9th & 10th Jud Dists 2009]; see Fausto v City of New York, 17 AD3d 520, 522 [2005]), with the exception of items which are palpably improper or privileged (see Fausto, 17 AD3d at 522; Marino v County of Nassau, 16 AD3d 628 [2005]). As most of the discovery demands were not palpably improper or privileged, and in light of plaintiffs failure to provide any discovery, the judgment, insofar as appealed from, dismissing the complaint in the case at bar is affirmed.
In view of the foregoing, we pass on no other issue.
Golia, J.E, Pesce and Steinhardt, JJ., concur.