OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which denied plaintiff’s motion for summary judgment and granted defendant’s cross motion to compel plaintiff to provide full and complete responses to defendant’s discovery demands and to produce Vladimir Grinberg for an examination before trial (EBT).
Plaintiff was required, but failed, to challenge the propriety of defendant’s discovery demands pursuant to CPLR 3120 within the time prescribed by CPLR 3122. As a result, plaintiff *11 is obligated to produce the information sought except as to matters which are palpably improper or privileged (see Fausto v City of New York, 17 AD3d 520 [2005]; Marino v County of Nassau, 16 AD3d 628 [2005]; Midwood Acupuncture, P.C. v State Farm Fire & Cas. Co., 21 Misc 3d 144[A], 2008 NY Slip Op 52468[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). To the extent the discovery demands concern matters relating to defenses which defendant is precluded from raising, they are palpably improper notwithstanding the fact that plaintiff did not specifically object thereto (see Midwood Acupuncture, P.C. v State Farm Fire & Cas. Co., 21 Misc 3d 144[A], 2008 NY Slip Op 52468[U] [2008]; Great Wall Acupuncture v State Farm Mut. Auto. Ins. Co., 20 Misc 3d 136[A], 2008 NY Slip Op 51529[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]).
Pursuant to CPLR 3124, if a party fails to respond to or comply with any request, notice, interrogatory, demand or order under article 31 of the CPLR, the party seeking disclosure may move to compel compliance (see also CPLR 3126). There is no requirement upon the movant other than to show that no response had been received. Thus, in the case at bar, defendant was not required to demonstrate that its discovery demands were not palpably improper. Rather, in order to successfully oppose defendant’s cross motion to compel, plaintiff would have had to show that defendant’s defense of billing fraud was precluded because it was not asserted in a timely NF-10 denial of claim form, which plaintiff did not do.
Defendant set forth detailed and specific reasons for believing that plaintiff is a professional service corporation which fails to comply with applicable state or local licensing laws and, thus, is ineligible to recover no-fault benefits (see State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005]), a defense which is not precluded. By obtaining discovery of certain documents, such as plaintiffs financial records, defendant will be able to ascertain whether plaintiff is ineligible for reimbursement of no-fault benefits (see e.g. CPLR 3101 [a]; One Beacon Ins. Group, LLC v Midland Med. Care, P.C., 54 AD3d 738 [2008]). In addition, defendant is entitled to an EBT of Vladimir Grinberg (see CPLR 3101 [a]; Sharma Med. Servs., P.C. v Progressive Cas. Ins. Co., 24 Misc 3d 139[A], 2009 NY Slip Op 51591[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; Midwood Acupuncture, P.C. v State Farm Fire & Cas. Co., 21 Misc 3d 144[A], 2008 NY Slip Op 52468[U] [2008]; Great Wall Acupuncture v State Farm Mut. Auto. Ins. Co., 20 Misc 3d *12 136[A], 2008 NY Slip Op 51529[U] [2008]). Consequently, the Civil Court properly denied plaintiffs motion for summary judgment (see CPLR 3212 [f]) and granted defendant’s cross motion to compel plaintiff to provide full and complete responses to defendant’s discovery demands and to produce Vladimir Grin-berg for an EBT.
Accordingly, the order is affirmed.
Pesce, PJ., Rios and Solomon, JJ., concur.