▉ JEFFREY JORDAN, Appellant, v CITY OF NEW YORK et al., Respondents. [27 NYS3d 656]—

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated September 24, 2014, as denied those branches of his motion which were to compel the defendants to comply with certain discovery demands.

Ordered that the order is affirmed insofar as appealed from, with costs.

"A party is not entitled to unlimited, uncontrolled, unfettered disclosure, and the supervision of discovery is generally left to the trial court's broad discretion" (*Geffner v Mercy Med. Ctr.*, 83 AD3d 998, 998 [2011]; *see Quinones v 9 E. 69th St., LLC*, 132 AD3d 750 [2015]; *Foster v Herbert Slepoy Corp.*, 74 AD3d 1139 [2010]; *Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]). Here, the Supreme Court providently exercised its discretion in denying, in part, the plaintiff's motion to compel the defendants to provide all requested information in response to the plaintiff's demand for discovery and inspection dated March 12, 2014. The plaintiff correctly contends that the defendants' failure to timely challenge the plaintiff's demand foreclosed inquiry into the propriety of the information sought except with regard to his requests that sought privileged information, or as to requests which were palpably improper (*see Hunt v Odd Job Trading*, 44 AD3d 714, 716 [2007]; *Fausto v City of New York*, 17 AD3d 520, 522 [2005]; *Woo v Shimunov*, 273 AD2d 303 [2000]; *Garcia v Jomber Realty*, 264 AD2d 809, 810 [1999]; *Holness v Chrysler Corp.*, 220 AD2d 721 [1995]). The Supreme Court determined, in effect, that the subject requests were palpably improper. Contrary to the plaintiff's contention, disclosure demands may be palpably improper where, as here, they seek irrelevant information, are overbroad and burdensome (*see Montalvo v CVS Pharm., Inc.*, 102 AD3d 842, 843

[2013]; *see 30-40 E. Main St. Bayshore, Inc. v Republic Franklin Ins. Co.*, 115 AD3d 737, 738 [2014]), or fail to specify with reasonable particularity many of the documents demanded (*see Astudillo v St. Francis-Beacon Extended Care Facility, Inc.*, 12 AD3d 469 [2004]). Mastro, J.P., Dillon, Miller and Barros, JJ., concur.