Clinton Place Medical, P.C., as Assignee of Araujo Carmencita, Appellant,
against
USAA Casualty Ins. Co., Respondent.




Korsunskiy Legal Group, P.C. (Michael Hoenig, Esq.), for appellant.
McDonnell & Adels, P.C. (Linda A. Mule, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Wavny Toussaint, J.), entered September 5, 2013. The order, insofar as appealed from, granted defendant's motion to dismiss the complaint pursuant to CPLR 3126 or, in the alternative, to compel plaintiff to respond to defendant's discovery demands, to the extent of compelling plaintiff to respond to defendant's discovery demands and to produce plaintiff's owner for an examination before trial, and denied plaintiff's cross motion for summary judgment.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from so much of an order of the Civil Court as denied plaintiff's cross motion for summary judgment and granted defendant's motion to dismiss the complaint pursuant to CPLR 3126 or, in the alternative, to compel plaintiff to respond to defendant's notice for discovery and inspection, and its "demand for verified written interrogatories," to the extent of compelling plaintiff to provide defendant with, among other things, verified responses to defendant's discovery demands, including "W-2(s), 1099(s) & 941 tax forms; office records, bank records, management, billing & rental agreements; annual salary of owner and employee; [and] proof of payment regarding use of office space," and to produce plaintiff's owner for an examination before trial.
Plaintiff argues that defendant is not entitled to the discovery ordered by the Civil Court. However, inasmuch as plaintiff failed to timely challenge the propriety of defendant's notice for discovery and inspection (see CPLR 3122 [a]) or timely object to defendant's "demand for verified written interrogatories" (see CPLR 3133 [a]), plaintiff is obligated to produce the information sought except as to matters which are privileged or palpably improper (see Fausto v City of New York, 17 AD3d 520 [2005]; Marino v County of Nassau, 16 AD3d 628 [2005]; Midborough Acupuncture, P.C. v State Farm Ins. Co., 21 Misc 3d 10 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; Great Wall Acupuncture v State Farm Mut. Auto. Ins. Co., 20 Misc 3d [*2]136[A], 2008 NY Slip Op 51529[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; A.B. Med. Servs. PLLC v Utica Mut. Ins. Co., 11 Misc 3d 71 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]). While discovery demands which concern matters relating to defenses which a defendant is precluded from raising are considered palpably improper and may not be discoverable, notwithstanding the fact that plaintiff did not specifically object thereto (see Midborough Acupuncture, P.C., 21 Misc 3d 10; Great Wall Acupuncture, 20 Misc 3d 136[A], 2008 NY Slip Op 51529[U]; A.B. Med. Servs. PLLC, 11 Misc 3d 71), upon a review of the record, we find that the discovery at issue is not palpably improper (see State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005]; All Boro Psychological Servs., P.C. v Allstate Ins. Co., 39 Misc 3d 9 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). In addition, defendant is entitled to an examination before trial of plaintiff's owner (see CPLR 3101 [a]; Midwood Acupuncture, P.C. v State Farm Fire & Cas. Co., 21 Misc 3d 144[A], 2008 NY Slip Op 52468[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; Great Wall Acupuncture, 20 Misc 3d 136[A], 2008 NY Slip Op 51529[U]).
In view of the foregoing, plaintiff's contention that it is entitled to summary judgment lacks merit because, as the Civil Court noted, plaintiff's motion is premature (see CPLR 3212 [f]; All Boro Psychological Servs., 39 Misc 3d 9).
Accordingly, the order, insofar as appealed from, is affirmed.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 11, 2017