K.O. Medical, P.C., as Assignee of McIntosh Crystal, Appellant, 
against
USAA Casualty Insurance Company, Respondent.




Law Offices of Melissa Betancourt, P.C., (Melissa Betancourt, Esq.), for appellant.
McDonnell, Adels & Klestzick, PLLC (Linda A. Mule, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Theresa M. Ciccotto, J.), entered June 1, 2015. The order, insofar as appealed from, granted a motion by defendant to the extent of striking the notice of trial and compelling plaintiff to provide responses to specified discovery demands.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from so much of an order as granted a motion by defendant to the extent of striking the notice of trial and compelling plaintiff to "provide verified responses and documents responsive to defendant's demands for" discovery relevant to a defense interposed pursuant to State Farm Mut. Auto. Ins. Co. v Mallela (4 NY3d 313 [2005]).
Plaintiff's sole argument on appeal is that the "Mallela defense" is subject to the preclusion rule (see Presbyterian Hosp. in City of NY v Maryland Cas. Co., 90 NY2d 274 [1997]) and, since defendant did not prove that it had issued timely denials, defendant did not demonstrate that the discovery demands at issue are not palpably improper (see All Boro Psychological Servs., P.C. v Allstate Ins. Co., 39 Misc 3d 9 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Although this argument is raised for the first time on appeal, it is reviewable by this court since the threshold issue of whether a "Mallela defense" is subject to the [*2]preclusion rule is "one of law appearing on the face of the record and it could not have been avoided had it been raised at the proper juncture" (Navillus Tile, Inc. v George A. Fuller Co., Inc., 83 AD3d 919, 920 [2011]; see also Olim Realty v Lanaj Home Furnishings, 65 AD3d 1318, 1320 [2009]). In any event, defendant addressed this argument in its reply submission to the Civil Court as if it had been raised.
Contrary to plaintiff's argument, a "Mallela defense" need not be preserved in a timely denial (see Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 149 AD3d 828 [2017]; All Boro Psychological Servs., P.C., 39 Misc 3d 9; First Help Acupuncture P.C. v State Farm Ins. Co., 12 Misc 3d 130[A], 2006 NY Slip Op 51043[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]). 
Accordingly, the order, insofar as appealed from, is affirmed.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 18, 2017