Kiernan v Booth Mem. Med. Ctr. (2019 NY Slip Op 06596)





Kiernan v Booth Mem. Med. Ctr.


2019 NY Slip Op 06596


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-05291
 (Index No. 4138/13)

[*1]Mary Kiernan, etc., et al., appellants, 
v
Booth Memorial Medical Center, et al., defendants, Forest View Nursing Home, Inc., doing business as Forest View Center for Rehabilitation and Nursing, respondent.


David Zevin, Roslyn, NY, for appellants.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Elliott J. Zucker of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, negligence, and violations of the Public Health Law, the plaintiffs appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered January 8, 2018. The order, insofar as appealed from, in effect, denied that branch of the plaintiffs' motion which was pursuant to CPLR 3124 to compel the defendant Forest View Nursing Home, Inc., doing business as Forest View Center for Rehabilitation and Nursing, to produce identifying information and color photographs of certain employees.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs' decedent was admitted to the defendant Forest View Nursing Home, Inc., doing business as Forest View Center for Rehabilitation and Nursing (hereinafter Forest View), on February 5, 2008, and discharged on February 6, 2008, to the defendant New York Hospital Medical Center of Queens, the facility from which she had originally been transferred. In September 2010, the plaintiffs commenced this action, alleging, inter alia, that Forest View had been negligent in its care of the decedent, which resulted in, among other things, pulmonary injury to the decedent and injury to her leg.
In an effort to locate witnesses to Forest View's alleged negligent care, on January 26, 2017, the plaintiffs served a discovery demand on Forest View requesting disclosure, inter alia, of the names, last known addresses, and color photographs of all personnel who worked on the floor where the decedent resided on February 5 and 6, 2008. Forest View objected to the discovery demand on the grounds that it was overbroad and unduly burdensome. On July 17, 2017, the plaintiffs moved pursuant to CPLR 3124 to compel Forest View to comply with the discovery demand. After Forest View provided certain identifying information with respect to certain of its employees responsible for the decedent's care, in an order dated October 31, 2017, the Supreme Court stated that discovery was complete and that the plaintiffs were not entitled to color [*2]photographs of Forest View's personnel. In an order dated November 29, 2017, the court stated that the plaintiffs were entitled to the identities of the health aides working at Forest View. In an order entered January 8, 2018, the court, in effect, denied that branch of the plaintiffs' motion which was to compel the production of additional information and color photographs of certain employees, reasoning that appropriate disclosure had already been afforded in its prior orders dated October 31, 2017, and November 29, 2017. The plaintiffs appeal.
Contrary to the plaintiffs' contention, Forest View's failure to object to the plaintiffs' discovery demand within the time period set forth in CPLR 3122(a)(1) does not foreclose review of its challenge to that demand on the basis that the demand was palpably improper (see Jordan v City of New York, 137 AD3d 1084, 1084-1085; Holness v Chrysler Corp., 220 AD2d 721, 721-722). In this regard, disclosure demands may be palpably improper where they seek irrelevant information, are overbroad and burdensome, or fail to specify with reasonable particularity many of the documents demanded (see Jordan v City of New York, 137 AD3d at 1084-1085; Holness v Chrysler Corp., 220 AD2d at 721; Zambelis v Nicholas, 92 AD2d 936, 936-937).
"A party is not entitled to unlimited, uncontrolled, unfettered disclosure" (Geffner v Mercy Med. Ctr., 83 AD3d 998, 998; see McAlwee v Westchester Health Assoc., PLLC, 163 AD3d 547, 548). " The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed'" (Montalvo v CVS Pharm., Inc., 102 AD3d 842, 843, quoting Mattocks v White Motor Corp., 258 AD2d 628, 629 [citation omitted]). Here, the plaintiffs' request for additional information and color photographs of certain Forest View personnel who worked on the floor where the decedent resided on February 5 and 6, 2008, was palpably improper because it was overbroad and unduly burdensome (see JPMorgan Chase Bank, N.A. v Levenson, 149 AD3d 1053, 1055; Stepping Stones Assoc., L.P. v Scialdone, 148 AD3d 855, 856; Pesce v Fernandez, 144 AD3d 653, 655; Gilman & Ciocia, Inc. v Walsh, 45 AD3d 531). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was to compel the production of such material.
The references in the plaintiffs' brief to events occurring subsequent to the date of the order appealed from are not properly before this Court and have not been considered in the determination of this appeal (see Colella v GEICO Gen. Ins. Co., 164 AD3d 745, 747; Wilson v Wilson, 21 AD3d 548, 549).
MASTRO, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court