■ REBECCA GEFFNER, Appellant, v MERCY MEDICAL CENTER, Respondent, et al., Defendants. [922 NYS2d 470]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), entered October 13, 2009, which, in effect, denied her motion, among other things, to direct the defendant Mercy Medical Center to comply with certain demands for discovery and inspection, and, inter alia, directed her to provide authorizations compliant with the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d *et seq.*) to the defendant Mercy Medical Center.

Ordered that the order is affirmed insofar as appealed from, with costs.

A party is not entitled to unlimited, uncontrolled, unfettered disclosure, and the supervision of discovery is generally left to the trial court's broad discretion (*see Foster v Herbert Slepoy Corp.*, 74 AD3d 1139 [2010]; *JRP Old Riverhead Ltd. v Town of Southampton*, 73 AD3d 1130 [2010]). The trial court's broad authority to supervise discovery includes the discretion to direct the priority in which the parties may use disclosure devices if it finds, under the particular circumstances, that the action will be expedited by the use of one device prior to another (*see Edwards-Pitt v Doe*, 294 AD2d 395 [2002]; *Barouh Eaton Allen Corp. v International Bus. Machs. Corp.*, 76 AD2d 873 [1980]).

Here, the Supreme Court, in effect, denied the plaintiff's motion to compel the defendant Mercy Medical Center (hereinafter the respondent) to comply with certain demands for discovery and inspection, and directed the parties to conduct depositions. We agree with the respondent that many of the plaintiff's demands to which it objected were overly broad and unreasonable, and sought irrelevant material, and that therefore, under the circumstances, the Supreme Court's exercise of discretion was provident.

The Supreme Court did not improperly direct the plaintiff to

provide authorizations compliant with the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d *et seq.*), although neither the plaintiff nor the respondent moved for such relief. A court may grant relief on a motion which was not specifically requested as long as it is not dramatically unlike the relief sought, the proof supports it, and the court is satisfied that no one is prejudiced by it (*see Shaw v RPA Assoc., LLC*, 75 AD3d 634 [2010]; *HCE Assoc. v 3000 Watermill Lane Realty Corp.*, 173 AD2d 774 [1991]). This was a motion pertaining to disclosure, and the plaintiff was not prejudiced by being required to supply the subject authorizations (*see Porcelli v Northern Westchester Hosp. Ctr.*, 65 AD3d 176, 183 [2009]).

The plaintiff's remaining contention is without merit. Angiolillo, J.P., Florio, Leventhal and Miller, JJ., concur.