Lombardi v Lombardi (2021 NY Slip Op 00426)





Lombardi v Lombardi


2021 NY Slip Op 00426


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-08972
 (Index Nos. 26233/11, 24554/12)

[*1]Mary Beth Lombardi, respondent,
v
Vittorio Lombardi, appellant. (Action No. 1.)
Mary Beth Lombardi, respondent,
Vittorio Lombardi, appellant, et al., defendant. (Action No. 2.)


Law Office of Dorothy A. Courten, PLLC, Hauppauge, NY, for appellant.
Mitev Law Firm, P.C., Port Jefferson, NY (Vesselin Mitev of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, and a related action, inter alia, to set aside a prenuptial agreement, which were joined for trial, Vittorio Lombardi, the defendant in Action No. 1 and a defendant in Action No. 2, appeals from an order of the Supreme Court, Suffolk County (Deborah Poulos, J.), dated June 18, 2019. The order, insofar as appealed from, in effect, denied those branches of the motion of Vittorio Lombardi which were pursuant to CPLR 3103(a) for a protective order striking the notice for discovery and inspection of the plaintiff in Action Nos. 1 and 2, pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff and her counsel, pursuant to CPLR 3126 to preclude the plaintiff from offering certain evidence at trial, and to disqualify the plaintiff's counsel from representing the plaintiff.
ORDERED that the order is modified, on the law, by deleting the provision thereof, in effect, denying that branch of the motion of Vittorio Lombardi which was pursuant to CPLR 3103(a) for a protective order striking the plaintiff's notice for discovery and inspection, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In 2004, prior to their marriage, the plaintiff and the defendant Vittorio Lombardi (hereinafter the defendant) entered into a prenuptial agreement setting forth their rights and obligations in the event of a divorce. In August 2011, the plaintiff commenced an action for a divorce and ancillary relief. In August 2012, the plaintiff commenced a plenary action seeking, inter alia, to set aside the prenuptial agreement on the grounds of duress, coercion, undue influence, and unconscionability. In an order dated March 3, 2016, the two actions were joined for trial.
On January 22, 2019, the plaintiff served a notice for discovery and inspection. On February 25, 2019, the defendant filed an order to show cause seeking, inter alia, that the Supreme Court direct service of his motion, among other things, pursuant to CPLR 3103(a) for a protective order striking the plaintiff's notice for discovery and inspection and pursuant to 22 NYCRR 130-1.1 [*2]to impose sanctions against the plaintiff and her counsel. On February 26, 2019, the court declined to sign the order to show cause.
Thereafter, the defendant moved, inter alia, for leave to reargue his prior motion, among other things, for a protective order and to impose sanctions against the plaintiff and her counsel, and, as additional relief, pursuant to CPLR 3126 to preclude the plaintiff from offering certain evidence at trial and to disqualify the plaintiff's counsel from representing the plaintiff. The plaintiff opposed the motion. In an order dated June 18, 2019, the Supreme Court denied that branch of the defendant's motion which was for leave to reargue on the grounds that it was untimely (see CPLR 2221[d][3]) and that the court did not misapprehend any facts (see CPLR 2221[d][2]). The court denied the remaining branches of the defendant's motion, determining that they were without merit. The defendant appeals.
The Supreme Court should have considered, on the merits, those branches of the defendant's motion which were for a protective order and to impose sanctions. Since the court declined to sign the defendant's prior order to show cause, the defendant's prior motion was neither made (see CPLR 2211) nor determined (see CPLR 2221[d][2]). Thus, there was no need for the defendant to seek leave to reargue the prior motion, and the court erred by, in effect, denying those branches of the defendant's motion which were for a protective order and to impose sanctions on the ground that the defendant's motion did not comply with CPLR 2221(d)(2) and (3).
Since the merits of those branches of the defendant's motion which were for a protective order and to impose sanctions were argued before the Supreme Court and to this Court in the appellate briefs, this Court will reach the merits in the interest of judicial economy (see Mew Equity, LLC v Sutton Land Servs., LLC, 144 AD3d 874, 877). Initially, contrary to the plaintiff's contention, the requirements of 22 NYCRR 202.7(c) were satisfied by the affirmation of the defendant's counsel, wherein counsel detailed her good-faith efforts to resolve the dispute regarding the notice for discovery and inspection, including her correspondence to the plaintiff's counsel requesting that the notice for discovery and inspection be amended (see Encalada v Riverside Retail, LLC, 175 AD3d 467, 469; Loeb v Assara N.Y. I L.P., 118 AD3d 457, 458).
CPLR 3101(a) requires, in pertinent part, "full disclosure of all matter material and necessary in the prosecution or defense of an action." However, "[a] party is not entitled to unlimited, uncontrolled, unfettered disclosure" (Geffner v Mercy Med. Ctr., 83 AD3d 998, 998; see Kiernan v Booth Mem. Med. Ctr., 175 AD3d 1396, 1398). Pursuant to CPLR 3103(a), the Supreme Court may issue a protective order striking a notice for discovery and inspection that is palpably improper (see CPLR 3101[a]; Arch Ins. Co. v Delric Constr. Co., Inc., 174 AD3d 560, 561; Ural v Encompass Ins. Co. of Am., 158 AD3d 845, 847; Jordan v City of New York, 137 AD3d 1084).
A notice for discovery and inspection is palpably improper if it is overbroad, burdensome, fails to specify with reasonable particularity many of the documents demanded, or seeks irrelevant or confidential information (see CPLR 3120[2]; Kiernan v Booth Mem. Med. Ctr., 175 AD3d at 1397-1398; Jordan v City of New York, 137 AD3d 1084). Where the discovery demand is overbroad, the appropriate remedy is to vacate the entire demand rather than to prune it (see Pascual v Rustic Woods Homeowners Assn., Inc., 173 AD3d 757, 758; Stepping Stones Assoc., L.P. v Scialdone, 148 AD3d 855, 856).
Here, the plaintiff's notice for discovery and inspection was palpably improper in that it was overbroad and burdensome, sought irrelevant or confidential information, and failed to specify with reasonable particularity many of the documents demanded (see Pascual v Rustic Woods Homeowners Assn., Inc., 173 AD3d at 758; Jordan v City of New York, 137 AD3d 1084; Kamanou-Goune v Swiss Intl. Airlines, 100 AD3d 968). Accordingly, that branch of the defendant's motion which was pursuant to CPLR 3103(a) for a protective order striking the plaintiff's notice for discovery and inspection should have been granted.
Contrary to the defendant's contention, the plaintiff's conduct in seeking responses to the notice for discovery and inspection was not frivolous within the meaning of 22 NYCRR 130-1.1(c), and, therefore, the defendant was not entitled to the imposition of sanctions against the [*3]plaintiff and her counsel (see Matter of Miller v Miller, 96 AD3d 943, 944; Maybaum v Maybaum, 89 AD3d 692, 697; Providence Wash. Ins. Co. v Munoz, 85 AD3d 1142, 1144).
The defendant's contention that the complaint in the plenary action should be stricken pursuant to CPLR 3126 is improperly raised for the first time on appeal.
The Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was pursuant to CPLR 3126 to preclude the plaintiff from offering certain evidence at trial. The defendant failed to make a clear showing that any failure to comply with court-ordered discovery was willful and contumacious (see Giraldo v Highmark Ind., LLC, 175 AD3d 654, 655; Madonna Mgt. Servs., Inc. v R.S. Naghavi, M.D., PLLC, 172 AD3d 845, 847).
Finally, we agree with the Supreme Court's determination to deny that branch of the defendant's motion which was to disqualify the plaintiff's counsel from representing the plaintiff (see Lombardi v Lombardi, 164 AD3d 665, 667; Matter of Aaron W. v Shannon W., 96 AD3d 960, 962; Campolongo v Campolongo, 2 AD3d 476, 476).
AUSTIN, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court