Fox v Roman Catholic Archdiocese of N.Y. (2022 NY Slip Op 01148)





Fox v Roman Catholic Archdiocese of N.Y.


2022 NY Slip Op 01148


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2021-03351

[*1]David B. Fox, respondent, 
v
Roman Catholic Archdiocese of New York, appellant, et al., defendants. (Westchester County Index No. 68497/19)


Rivkin Radler, LLP, Uniondale, NY (Frank Raia, Cheryl F. Korman, and Henry Mascia of counsel), for appellant.
Grant & Eisenhofer, P.A., New York, NY (Barbara J. Hart, Irene R. Lax, and Samantha L. Breitner of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence, negligent hiring, negligent supervision, and negligent retention of an employee, the defendant Roman Catholic Archdiocese of New York appeals from an order of the Supreme Court, Nassau County (Part CVA-R) (Steven M. Jaeger, J.), dated May 5, 2021. The order, insofar as appealed from, denied stated portions of that defendant's motion pursuant to CPLR 3103(a) for a protective order striking the plaintiff's first supplemental notice of discovery and inspection, dated August 21, 2020, and the plaintiff's first set of interrogatories, dated August 28, 2020.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and the motion of the defendant Roman Catholic Archdiocese of New York pursuant to CPLR 3103(a) for a protective order striking the plaintiff's first supplemental notice of discovery and inspection, dated August 21, 2020, and the plaintiff's first set of interrogatories, dated August 28, 2020, is granted in its entirety.
The plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g), alleging that, in the mid-1960s, while he was a child, he was sexually abused by the defendant Edwin Gaynor. At the time the abuse allegedly occurred, Gaynor was a grade school physical education teacher at a school operated by the defendant Church of Immaculate Heart of Mary (hereinafter IHM), and the plaintiff was a student at the school. As against the defendant Roman Catholic Archdiocese of New York (hereinafter the Archdiocese), the plaintiff alleged, inter alia, causes of action sounding in negligence, negligent hiring, negligent supervision, and negligent retention of Gaynor. The plaintiff served a first supplemental notice of discovery and inspection (hereinafter the discovery demand) on the Archdiocese on August 21, 2020, and a first set of interrogatories (hereinafter the interrogatories) on the Archdiocese on August 28, 2020. In response thereto, the Archdiocese moved pursuant to CPLR 3103(a) for a protective order striking the discovery demand and the interrogatories. By order dated May 5, 2021, the Supreme Court only partially granted the Archdiocese's motion, by striking many of the interrogatories and about half of the discovery demands. The Archdiocese appeals.
CPLR 3101(a) requires, in pertinent part, "full disclosure of all matter material and necessary in the prosecution or defense of an action." "However, '[a] party is not entitled to unlimited, uncontrolled, unfettered disclosure'" (Lombardi v Lombardi, 190 AD3d 964, 966, quoting [*2]Geffner v Mercy Med. Ctr., 83 AD3d 998, 998; see Kiernan v Booth Mem. Med. Ctr., 175 AD3d 1396, 1398). Pursuant to CPLR 3103(a), the Supreme Court may issue a protective order striking notices for discovery and inspection and interrogatories that are palpably improper (see id. § 3101[a]; Arch Ins. Co. v Delric Constr. Co., Inc., 174 AD3d 560, 561; Ural v Encompass Ins. Co. of Am., 158 AD3d 845, 847).
Notices for discovery and inspection and interrogatories are palpably improper if they are overbroad or burdensome, fail to specify with reasonable particularity many of the documents demanded, or seek irrelevant or confidential information (see CPLR 3120[2]; Kiernan v Booth Mem. Med. Ctr., 175 AD3d at 1397-1398; Ural v Encompass Ins. Co. of Am., 158 AD3d at 847; Jordan v City of New York, 137 AD3d 1084, 1084-1085). Where the discovery demands are overbroad, the appropriate remedy is to vacate the entire demand rather than to prune it (see Bennett v State Farm Fire & Cas. Co., 189 AD3d 749, 750; Pascual v Rustic Woods Homeowners Assn., Inc., 173 AD3d 757, 758; Bell v Cobble Hill Health Ctr., Inc., 22 AD3d 620, 621). "The burden of serving a proper demand is upon counsel, and it is not for the courts to correct a palpably bad one" (Lopez v Huntington Autohaus, 150 AD2d 351, 352; see Bell v Cobble Hill Health Ctr., Inc., 22 AD3d at 621).
Here, the plaintiff's discovery demand and interrogatories were palpably improper in that they were overbroad and burdensome, sought irrelevant or confidential information, or failed to specify with reasonable particularity many of the documents demanded (see Lombardi v Lombardi, 190 AD3d at 964; JPMorgan Chase Bank, N.A. v Levenson, 149 AD3d 1053, 1055; Stepping Stones Assoc., L.P. v Scialdone, 148 AD3d 855; Berkowitz v 29 Woodmere Blvd. Owners, Inc., 135 AD3d 798, 799; Bell v Cobble Hill Health Ctr. Inc., 22 AD3d at 621). Accordingly, the Supreme Court should have granted the Archdiocese's motion and struck the discovery demand and interrogatories in their entirety, instead of pruning them.
BRATHWAITE NELSON, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court