Star Auto Sales of Queens, LLC v Filardo (2023 NY Slip Op 02552)

Star Auto Sales of Queens, LLC v Filardo

2023 NY Slip Op 02552

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-05160
 (Index No. 717443/17)

[*1]Star Auto Sales of Queens, LLC, etc., appellant,
v
Douglas Filardo, et al., respondents.

Milman Labuda Law Group PLLC, Lake Success, NY (Jamie S. Felsen, Brett W. Joseph, and Jeremy M. Koufakis of counsel), for appellant.
Tuchinsky Law Firm, P.C., Merrick, NY (Scott Woller and Dmitry Tuchinsky of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, conversion, and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated May 27, 2020. The order, in effect, denied the plaintiff's motion to compel the defendants to fully respond to the plaintiff's first request for production of documents and first set of interrogatories and to produce a privilege log with respect to each discovery response for which the defendants asserted the attorney-client privilege, and vacated the plaintiff's first request for production of documents and first set of interrogatories.
ORDERED that the order is affirmed, with costs.
The plaintiff, a car dealership, commenced this action alleging fraud, conversion, breach of fiduciary duty, and related causes of action against the defendant Douglas Filardo, a sales manager who was employed by the plaintiff, and the defendant Subaru Motorsports, an entity created by Filardo.
In July 2019, the plaintiff served its first request for production of documents and first set of interrogatories on the defendants. The defendants served their response in December 2019. In February 2020, the plaintiff moved to compel the defendants to (1) fully respond to each demand in the plaintiff's first request for production of documents and first set of interrogatories, and (2) produce a privilege log with respect to each discovery response for which the defendants asserted the attorney-client privilege. In an order dated May 27, 2020, the Supreme Court, in effect, denied the plaintiff's motion and vacated the plaintiff's first request for production of documents and first set of interrogatories. The plaintiff appeals.
CPLR 3101(a) requires, in pertinent part, "full disclosure of all matter material and necessary in the prosecution or defense of an action." A party, however, "is not entitled to unlimited, uncontrolled, unfettered disclosure" (Fox v Roman Catholic Archdiocese of N.Y., 202 AD3d 1061, 1062 [internal quotation marks omitted]; see Lombardi v Lombardi, 190 AD3d 964, 966). Where discovery demands are overbroad, lack specificity, or seek irrelevant or confidential information, they are palpably improper and may be stricken (see Fox v Roman Catholic Archdiocese of N.Y., 202 [*2]AD3d at 1062; Lombardi v Lombardi, 190 AD3d at 966). "The burden of serving a proper demand is upon counsel, and it is not for the courts to correct a palpably bad one" (Fox v Roman Catholic Archdiocese of N.Y., 202 AD3d at 1062 [internal quotation marks omitted]; see Lopez v Huntington Autohaus, 150 AD2d 351, 352). Thus, the appropriate remedy for an overbroad discovery demand is to vacate the entire demand rather than to prune it (see Fox v Roman Catholic Archdiocese of N.Y., 202 AD3d at 1062; Lombardi v Lombardi, 190 AD3d at 966; Bennett v State Farm Fire & Cas. Co., 189 AD3d 749, 750). Furthermore, "[t]he supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court" (U.S. Bank Trust, N.A. v Carter, 204 AD3d 727, 728-729 [internal quotation marks omitted]; see Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d 798, 799).
Here, many of the plaintiff's discovery demands were palpably improper in that they were overbroad and burdensome, sought irrelevant or confidential information, or failed to specify with reasonable particularity what was demanded (see Fox v Roman Catholic Archdiocese of N.Y., 202 AD3d at 1062; Lombardi v Lombardi, 190 AD3d at 966; Lopez v Huntington Autohaus, 150 AD2d at 352). Accordingly, the Supreme Court did not improvidently exercise its discretion when it, in effect, denied the plaintiff's motion, inter alia, to compel the defendants to fully respond to its discovery demands, and vacated the plaintiff's overbroad demands in their entirety.
The plaintiff's remaining contentions need not be addressed in light of our determination.
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court