Roe v Roman Catholic Archdiocese of N.Y. (2024 NY Slip Op 00644)

Roe v Roman Catholic Archdiocese of N.Y.

2024 NY Slip Op 00644

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2023-04350
 (Index No. 9784/19)

[*1]Jane Roe, respondent, 
v
Roman Catholic Archdiocese of New York, appellant, et al., defendants.

Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman, Frank Raia, and Henry M. Mascia of counsel), for appellant.
Motley Rice LLC, New York, NY (Daniel R. Lapinski of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, negligent supervision and failure to warn, and negligent hiring or retention, the defendant Roman Catholic Archdiocese of New York appeals from an order of the Supreme Court, Orange County (Leonard D. Steinman, J.), dated April 13, 2023. The order denied that defendant's motion pursuant to CPLR 3103(a) for a protective order striking the plaintiff's demand for production of documents dated October 21, 2022, and directed that defendant to produce the demanded documents along with a privilege log to the court for an in camera inspection.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the motion of the defendant Roman Catholic Archdiocese of New York pursuant to CPLR 3103(a) for a protective order striking the plaintiff's demand for production of documents dated October 21, 2022, is granted.
The plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g), alleging that, in 1970, when she was a child, she was sexually abused by Francis Stinner while he was employed as a priest by the defendant Roman Catholic Archdiocese of New York (hereinafter the Archdiocese) and assigned to the Parish of the Immaculate Conception, also known as St. Mary's Church, in Port Jervis, where her family members were parishioners. Stinner died in 2017, prior to the commencement of this action. The complaint asserted causes of action alleging, among other things, negligence, negligent supervision and failure to warn, and negligent hiring or retention. The plaintiff served a demand for the production of documents dated October 21, 2022, on the Archdiocese (hereinafter the discovery demand). In response thereto, the Archdiocese moved pursuant to CPLR 3103(a) for a protective order striking the discovery demand. The Supreme Court denied the motion and directed the Archdiocese to produce the demanded documents along with a privilege log to the court for an in camera inspection to determine relevancy and privilege. The Archdiocese appeals.
CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." However, "'[a] party is not entitled to unlimited, uncontrolled, unfettered disclosure'" (C. B. v New York City Tr. Auth., 219 AD3d 1397, [*2]1398, quoting Geffner v Mercy Med. Ctr., 83 AD3d 998, 998; see Fox v Roman Catholic Archdiocese of N.Y., 202 AD3d 1061, 1062). "Pursuant to CPLR 3103(a), the Supreme Court may issue a protective order striking a notice for discovery and inspection that is palpably improper" (Lombardi v Lombardi, 190 AD3d 964, 966; see Fox v Roman Catholic Archdiocese of N.Y., 202 AD3d at 1062). A notice for discovery and inspection is palpably improper if it is overbroad, burdensome, fails to specify with reasonable particularity many of the documents demanded, or seeks irrelevant or confidential information (see CPLR 3120[2]; Lombardi v Lombardi, 190 AD3d at 966). Where the discovery demand is overbroad, the appropriate remedy is to vacate the entire demand rather than to prune it (see Lombardi v Lombardi, 190 AD3d at 966; Pascual v Rustic Woods Homeowners Assn., Inc., 173 AD3d 757, 758).
Because the discovery demand is palpably improper, the Supreme Court should have granted the Archdiocese's motion and struck the discovery demand in its entirety, rather than directing the Archdiocese to produce the demanded documents to the court for an in camera inspection to determine relevancy and privilege (see Fox v Roman Catholic Archdiocese of N.Y., 202 AD3d at 1063; cf. McNierney v Archdiocese of N.Y., 221 AD3d 489).
In light of the foregoing, we need not reach the Archdiocese's remaining contention that certain requested documents are protected from disclosure by the First Amendment of the United States Constitution.
DILLON, J.P., IANNACCI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court