Ferrara v Longwood Cent. Sch. Dist. (2024 NY Slip Op 01293)

Ferrara v Longwood Cent. Sch. Dist.

2024 NY Slip Op 01293

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2023-04786
 (Index No. 615416/21)

[*1]Jessica Ferrara, respondent, 
v
Longwood Central School District, et al., appellants, et al., defendant.

Mulholland Minion Davey McNiff & Beyrer, Williston Park, NY (Matthew Williams of counsel), for appellants.
Fegan Scott LLC, New York, NY (Melissa Ryan Clark of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligent supervision and retention of an employee, the defendants Longwood Central School District and Longwood Central School District Board of Education appeal from an order of the Supreme Court, Suffolk County (Leonard D. Steinman, J.), dated April 21, 2023. The order, insofar as appealed from, granted stated portions of the plaintiff's motion pursuant to CPLR 3124 to compel the defendants Longwood Central School District and Longwood Central School District Board of Education to comply with the plaintiff's first and second demands for discovery dated May 27, 2022, and March 1, 2023, respectively, and, in effect, denied the application of those defendants pursuant to CPLR 3103(a) for a protective order striking the plaintiff's first and second demands for discovery dated May 27, 2022, and March 1, 2023, respectively.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, in effect, denied the application of the defendants Longwood Central School District and Longwood Central School District Board of Education pursuant to CPLR 3103(a) for a protective order striking the plaintiff's first and second demands for discovery dated May 27, 2022, and March 1, 2023, respectively, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see id. § 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, the plaintiff's motion pursuant to CPLR 3124 to compel the defendants Longwood Central School District and Longwood Central School District Board of Education to comply with the plaintiff's first and second demands for discovery dated May 27, 2022, and March 1, 2023, respectively, is denied, and the application of the defendants Longwood Central School District and Longwood Central School District Board of Education pursuant to CPLR 3103(a) for a protective order striking the plaintiff's first and second demands for discovery dated May 27, 2022, and March 1, 2023, respectively, is granted; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
The plaintiff commenced this action against the defendants Longwood Central School District and Longwood Central School District Board of Education (hereinafter together the District), [*2]and another defendant, pursuant to the Child Victims Act (see CPLR 214-g). The plaintiff asserted, inter alia, a cause of action sounding in, among other things, negligent supervision and retention of an employee, alleging, inter alia, that starting in 2000, when the plaintiff was a student at Longwood Senior High School (hereinafter the school), and continuing through 2006, she was sexually abused by a teacher at the school, the defendant William Wenk.
The plaintiff served a first demand for discovery dated May 27, 2022, and subsequently served a second demand for discovery dated March 1, 2023. The District objected to substantial portions of both demands on the grounds that, among other things, they were overly broad and unduly burdensome. The plaintiff subsequently moved to compel the District to comply with her demands for discovery. In opposition to the motion, the District made an application pursuant to CPLR 3103(a) for a protective order striking the plaintiff's first and second demands for discovery. In an order dated April 21, 2023, the Supreme Court, inter alia, granted stated portions of the plaintiff's motion and, in effect, denied the District's application. The District appeals.
CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." However, "'[a] party is not entitled to unlimited, uncontrolled, unfettered disclosure'" (C.B. v New York City Tr. Auth., 219 AD3d 1397, 1398, quoting Geffner v Mercy Med. Ctr., 83 AD3d 998, 998; see Fox v Roman Catholic Archdiocese of N.Y., 202 AD3d 1061, 1062). "Pursuant to CPLR 3103(a), the Supreme Court may issue a protective order striking a notice for discovery and inspection that is palpably improper" (Lombardi v Lombardi, 190 AD3d 964, 966; see Fox v Roman Catholic Archdiocese of N.Y., 202 AD3d at 1062). A notice for discovery and inspection is palpably improper if it is overbroad, burdensome, fails to specify with reasonable particularity many of the documents demanded, or seeks irrelevant or confidential information (see CPLR 3120[2]; Lombardi v Lombardi, 190 AD3d at 966). "Where the discovery demands are overbroad, the appropriate remedy is to vacate the entire demand rather than to prune it" (Fox v Roman Catholic Archdiocese of N.Y., 202 AD3d at 1062; see Lombardi v Lombardi, 190 AD3d at 966; Pascual v Rustic Woods Homeowners Assn., Inc., 173 AD3d 757, 758).
Here, many of the plaintiff's discovery demands were palpably improper in that they were overbroad and burdensome (see Star Auto Sales of Queens, LLC v Filardo, 216 AD3d 839, 840; Fox v Roman Catholic Archdiocese of N.Y., 202 AD3d at 1062; Lombardi v Lombardi, 190 AD3d at 964). The plaintiff's discovery demands broadly sought, among other things, documents pertaining to any complaint of sexual abuse by any employee of the District from January 1, 1997, to the present and any suspected romantic or sexual relationship between any teacher and any student at the school from 1990 to the present. Thus, the Supreme Court should have denied the plaintiff's motion pursuant to CPLR 3124 to compel the District to comply with the plaintiff's first and second demands for discovery and granted the District's application pursuant to CPLR 3103(a) for a protective order striking those demands in their entirety instead of pruning them (see Roe v Roman Catholic Archdiocese of N.Y., _____ AD3d _____, 2024 NY Slip Op 00644 [2d Dept]; Fox v Roman Catholic Archdiocese of N.Y., 202 AD3d at 1062; Stepping Stones Assoc., L.P. v Scialdone, 148 AD3d 855, 856).
IANNACCI, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court