Pergament v Government Empls. Ins. Co. ("GEICO") (2024 NY Slip Op 01569)

Pergament v Government Empls. Ins. Co. ("GEICO")

2024 NY Slip Op 01569

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2021-07292
 (Index No. 609083/18)

[*1]Marc Pergament, etc., respondent,
v
Government Employees Insurance Company ("GEICO"), appellant, et al., defendants.

Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman, Michael P. Versichelli, and Henry M. Mascia of counsel), for appellant.
Wade T. Morris, New York, NY (Kenneth J. Gorman of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for bad faith refusal to settle a personal injury action and legal malpractice, the defendant Government Employees Insurance Company ("GEICO") appeals from an order of the Supreme Court, Nassau County (David J. Gugerty, J.), entered September 13, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's cross-motion which was to compel that defendant to comply with items 18 and 19 in the plaintiff's discovery demand dated December 18, 2019, to a certain stated limited extent.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the plaintiff's cross-motion which was to compel the defendant Government Employees Insurance Company ("GEICO") to comply with items 18 and 19 in the plaintiff's discovery demand dated December 18, 2019, is denied in its entirety.
Certain facts relevant to this case are set forth in our decision and order on a related appeal (Pergament v Government Employees Insurance Company ["GEICO"], _____ AD3d _____ [Appellate Division Docket No. 2019-09341; decided herewith]).
The plaintiff cross-moved, inter alia, to compel the defendant Government Employees Insurance Company ("GEICO") (hereinafter Geico), to comply with items 18 and 19 in the plaintiff's discovery demand dated December 18, 2019, which the plaintiff claimed were relevant to a claim for punitive damages. Geico opposed, contending, among other things, that the subject discovery demands sought information that was irrelevant, overly broad, and/or burdensome. The Supreme Court partially granted the plaintiff's motion as it pertained to items 18 and 19. Geico appeals.
CPLR 3101(a) provides, in pertinent part, that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." However, "'[a] party is not entitled to unlimited, uncontrolled, unfettered disclosure, and the supervision of discovery is generally left to the trial court's broad discretion" (Knoll v L & M Spring Val., LLC, 204 AD3d 899, 900 [internal quotation marks omitted]; see Orange & Rockland Utils., Inc. v County of Rockland, 206 AD3d 668, 668). "A motion to compel responses to demands and interrogatories is properly denied where the demands and interrogatories seek information which [*2]is irrelevant, overly broad, or burdensome" (Bennett v State Farm Fire & Cas. Co., 189 AD3d 749, 750). "Where the discovery demands are overbroad, the appropriate remedy is to vacate the entire demand rather than to prune it" (Fox v Roman Catholic Archdiocese of N.Y., 202 AD3d 1061, 1062).
Here, the Supreme Court properly determined that items 18 and 19 in the plaintiff's discovery demand dated December 18, 2019, were overbroad and burdensome. Having made that determination, the court should have vacated items 18 and 19, instead of pruning them (see id. at 1062-1063; Lombardi v Lombardi, 190 AD3d 964, 966; Bennett v State Farm Fire & Cas. Co., 189 AD3d at 750-751). Accordingly, the court should have denied, in its entirety, that branch of the plaintiff's cross-motion which was to compel Geico to comply with items 18 and 19 in the plaintiff's discovery demand dated December 18, 2019.
LASALLE, P.J., CHAMBERS, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court