## ARK564 Doe v Diocese of Brooklyn

2025 NY Slip Op 30132(U)

January 13, 2025

Supreme Court, Kings County

Docket Number: Index No. 519797/2021

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## KINGS COUNTY

PRESENT:   **HON. SABRINA B. KRAUS**                          PART                    57

*Justice*

-------------------------------------------------------------------X

ARK564 DOE,

Plaintiff,

- v -

DIOCESE OF BROOKLYN a/k/a THE ROMAN CATHOLIC
DIOCESE OF BROOKLYN, NEW YORK; BROTHERS OF
ST. FRANCIS XAVIER d/b/a XAVERIAN BROTHERS
U.S.A. INC. f/k/a SACRED HEART PROVINCE a/k/a
AMERICAN CENTRAL PROVINCE OF XAVERIAN
BROTHERS INC.; NAZARETH REGIONAL HIGH SCHOOL;
and DOES 1-5 whose identities are unknown to Plaintiff,

Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 519797/2021 |
| MOTION DATE | 01/13/2025 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002)
were read on this motion to/for                          COMPEL                          .

The following e-filed documents, listed by NYSCEF document number (Motion 003)
were read on this motion to/for                          PROTECTIVE ORDER                          .

Plaintiff commenced this action pursuant to the Child Victims Act ("CVA") seeking

damages for alleged sexual abuse while a student at Nazareth Regional High School by Robert

Mistretta ("Mistretta"), a teacher and coach.

On January 13, 2025, plaintiff moved for an order compelling the Diocese of Brooklyn to

produce:

(1) Mistretta's unredacted personnel file;

(2) all documents and information regarding allegations, complaints, reports, or concerns

regarding Mistretta, including that he may have acted inappropriately with a child;

519797/2021 ARK564 DOE V DIOCESE OF BROOKLYN, ET AL
Motion No. 002 & 003

(3) all documents or information regarding Mistretta's treatment for sexually abusing children;

(4) all other documents in its possession or control referring to or concerning Robert Mistretta; and to not withhold

(5) any documents that postdate Mistretta's abuse of Plaintiff, together with such other and further relief as this Court may deem just and proper.

On January 13, 2025, defendant Roman Catholic Diocese of Brooklyn cross moved for an order pursuant to CPLR 3103

(a), granting a protective order to prevent the disclosure of certain documents that have been redacted on the basis of various protections and privileges including the corrective measures (subsequent remedial measures), CPLR 4503 and relevancy;

b) Enforcing the provisions of the Amended Confidentiality Order and the decision and order promulgating it (together, the "ACO") regarding the non discoverability of information where the disclosure would violate the corrective measures;

c) Directing that all arguments and proceedings in connection with the plaintiff's pending motion and within cross motion be heard by the Court in camera; and further that any determination made by the Court concerning any such proceedings or testimony be kept confidential from all persons except those specifically authorized and permitted to have knowledge of the Court's determination by Court Order;

d) Should this Court grant the plaintiff's Order to Show Cause in whole or in part, and/or deny the defendant Diocese's Cross Motion in whole or in part, staying all proceedings to enforce such Order pursuant to CPLR 5519(c) pending appeal; and

e) For such other and further relief as the Court may deem just and proper.

519797/2021 ARK564 DOE V DIOCESE OF BROOKLYN, ET AL
Motion No. 002 & 003

The motions were fully briefed and marked submitted on January 13, 2025, and the Court reserved decision.

The discovery rules promote broad "disclosure of all matter material and necessary to the prosecution or defense of an action" (CPLR 3101 [a]). "Pretrial disclosure extends not only to admissible proof but also to testimony or documents which may lead to the disclosure of admissible proof, including material which might be used in cross-examination" (*Polygram Holding, Inc. v Cafaro*, 42 AD3d 339, 341 [1st Dept 2007][internal quotation marks, citation, and brackets omitted]). "The test is one of usefulness and reason" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). Nevertheless, "a party is not entitled to unlimited, uncontrolled, or unfettered disclosure" (*Lombardi v Lombardi*, 190 AD3d 964, 966 [2d Dept 2021], quoting *Geffner v Mercy Med. Ctr.*,83 AD3d 998, 998 [2d Dept 2011]).

> The burden rest(s) with the Archdiocese to demonstrate that the discovery sought (is) improper, including whether plaintiff was seeking protected confidential information (see Matter of All Plaintiffs in Child Victims Act NYC Litig. v. All Defendants in Child Victims Act NYC Litig., 200 A.D.3d 476, 479, 160 N.Y.S.3d 7 [1st Dept. 2021]).

*McNierney v. Archdiocese of New York*, 221 A.D.3d 489, 489 (2023). The Archdiocese has failed to meet its burden.

As held by the First Department in *McNierney*:

> Plaintiff's discovery requests, as the motion court found, were proper insofar as they sought any documents or information, regardless of when created or gathered, that shed light on what the Archdiocese knew or should have known regarding the accused priest's alleged sexual abuse of children both at the time of plaintiffs alleged abuse and prior to such time. The demands were also proper in seeking information about the Archdiocese's response to child abuse claims during that time frame and whether there was a patterned response. The requested discovery was specific and not founded upon hypotheticals, nor could it be characterized as a fishing expedition. Moreover, the requested discovery was permitted by the case management order in place, since plaintiff had demonstrated that documents prepared after the last date of plaintiffs reported sexual abuse were likely to contain material and necessary information as to the claims at issue. *Id.*

[* 3]

This information is discoverable because it is reasonably calculated to lead to the discovery of admissible evidence, including whether the institution was on notice of the danger of child sex abuse by one of its employees, whether it acted reasonably to protect children from being sexually abused.

Based on the foregoing, the motion and cross motion is granted to the extent of directing the defendant diocese to produce Robert Mistretta's personnel files; all documents and information regarding allegations, complaints, reports, or concerns regarding Mistretta, including that he may have acted inappropriately with a child; all documents or information regarding Mistretta's treatment for sexually abusing children; all other documents in its possession or control referring to or concerning Robert Mistretta; all regardless to date, to the court for in camera inspection, after which the Court will determine if there is any basis to redact portions of said files prior to disclosure to Plaintiff.

The Diocese of Brooklyn shall produce the documents to the Court for in camera review within 20 days of the date of this order.

WHEREFORE, it is hereby

ORDERED plaintiffs motion is granted to extent directed above; and it is further

ORDERED defendant Diocese of Brooklyn cross-motion is granted to the extent of requiring an in camera inspection by the court as directed above; and it is further

ORDERED that, within 20 days from entry of this order, Plaintiff shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office; and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically

519797/2021 ARK564 DOE V DIOCESE OF BROOKLYN, ET AL
Motion No. 002 & 003

Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nvcourts.gov/supctmanhf.

This constitutes the decision and order of the court.

| 1/13/2025 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | Hon. Sabrina Kraus, J.S.C. | | |

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | **X** | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**519797/2021 ARK564 DOE V DIOCESE OF BROOKLYN, ET AL**
**Motion No. 002 & 003**