J. P. Morgan Chase Bank, N.A. v Herschmann (2026 NY Slip Op 01041)

J. P. Morgan Chase Bank, N.A. v Herschmann

2026 NY Slip Op 01041

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JANICE A. TAYLOR
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-09824
 (Index No. 36584/18)

[*1]J. P. Morgan Chase Bank, N.A., plaintiff,
vAshley N. Herschmann, etc., et al., appellants, Garnerville Holding Company, Inc., respondent, et al., defendants.

Richman & Levine P.C., Garden City, NY (Ira W. Seligman of counsel), for appellants.
Sbarshov Law PLLC, Haverstraw, NY (Steven Barshov of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Ashley N. Herschmann and Liora D. Herschmann appeal from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated July 5, 2023. The order granted the motion of the defendant Garnerville Holding Company, Inc., for a protective order striking certain discovery demands of the defendants Ashley N. Herschmann and Liora D. Herschmann and to quash a subpoena ad testificandum.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to foreclose a residential mortgage against, among others, the defendants Ashley N. Herschmann (hereinafter Ashley Herschmann) and Liora D. Herschmann (hereinafter together the Herschmanns), as borrowers, and the defendant Garnerville Holding Company, Inc. (hereinafter Garnerville), as a judgment creditor of Ashley Herschmann. In a prior, unrelated action, a judgment was issued in favor of Garnerville and against Ashley Herschmann in the principal sum of $3,780,000, representing damages in relation to certain real property owned by Garnerville. Garnerville interposed an answer in this action asserting cross-claims against the Herschmanns, among others, alleging that the Herschmanns fraudulently conveyed certain property that they owned to circumvent the judgment entered against Ashley Herschmann in the prior action. Ashley Herschmann interposed an answer in this action alleging, inter alia, that Garnerville was not a legitimate creditor at the time that the conveyances were made.
Thereafter, in this action, the Herschmanns served a first notice for discovery and inspection upon Garnerville for the production of documents to establish whether the judgment in the prior action had been satisfied and, thus, whether Garnerville remained a judgment creditor of Ashley Herschmann. The Herschmanns subsequently moved to compel discovery. In July 2022, the Supreme Court granted the Herschmanns' motion on the ground that the requested discovery was material and necessary to the Herschmanns' defense against Garnerville's cross-claims.
In October 2022, the Herschmanns served a second notice for discovery and [*2]inspection upon Garnerville for the production of, among other things, insurance claims, communications, and payments stemming from the damage sustained by Garnerville in the prior action. The Herschmanns also served a subpoena ad testificandum upon Garnerville's expert witness in the prior action, Salvatore J. Triano (hereinafter the Triano subpoena), alleging that Triano's testimony was necessary for their defense against Garnerville's cross-claims in this action—that Garnerville was not a legitimate creditor of Ashley Herschmann.
Garnerville moved for a protective order striking the Herschmanns' discovery demands and to quash the Triano subpoena. In an order dated July 5, 2023, the Supreme Court granted Garnerville's motion. The Herschmanns appeal.
Pursuant to CPLR 3101(a), parties are entitled to "full disclosure of all matter material and necessary in the prosecution or defense of an action." However, "[a] party is not entitled to unlimited, uncontrolled, unfettered disclosure, and the supervision of discovery is generally left to the trial court's broad discretion" (Geffner v Mercy Med. Ctr., 83 AD3d 998, 998; see Lombardi v Lombardi, 190 AD3d 964, 966). "Pursuant to CPLR 3103(a), the Supreme Court may issue a protective order striking a notice for discovery and inspection that is palpably improper" (Lombardi v Lombardi, 190 AD3d at 966). "A notice for discovery and inspection is palpably improper if it is overbroad, burdensome, fails to specify with reasonable particularity many of the documents demanded, or seeks irrelevant or confidential information" (Ferrara v Longwood Cent. Sch. Dist., 225 AD3d 671, 673).
Here, the Supreme Court providently exercised its discretion in granting that branch of Garnerville's motion which was for a protective order striking the Herschmanns' second notice for discovery and inspection. The Herschmanns' discovery demands were palpably improper in that they were overbroad, irrelevant, and sought information that was not material or necessary to their defense against Garnerville's cross-claims in this action (see Lombardi v Lombardi, 190 AD3d at 966; Pascual v Rustic Woods Homeowners Assn., Inc., 173 AD3d 757, 758). Rather, the Herschmanns' discovery demands constituted an improper attempt to collaterally attack the award of damages in the prior action (see Urias v Daniel P. Buttafuoco & Assoc., PLLC, 41 NY3d 560, 568).
The Supreme Court also providently exercised its discretion in granting that branch of Garnerville's motion which was to quash the Triano subpoena. "A party or nonparty moving to quash a subpoena has the initial burden of establishing either that the requested disclosure is utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious" (Islip Theaters, LLC v Landmark Plaza Props. Corp., 183 AD3d 875, 876 [internal quotation marks omitted]; see CPLR 2304; Matter of Kapon v Koch, 23 NY3d 32, 34). "Should the [movant] meet this burden, the subpoenaing party must then establish that the discovery sought is 'material and necessary' to the prosecution or defense of [the] action" (Matter of Kapon v Koch, 23 NY3d at 34).
Here, Garnerville established that the requested discovery related solely to the award of damages in the prior action and, therefore, was utterly irrelevant to any proper inquiry in this action (see Lurie v Lurie, 226 AD3d 992, 996; Islip Theaters, LLC v Landmark Plaza Props. Corp., 183 AD3d at 876). In opposition, the Herschmanns failed to establish that the requested discovery was material and necessary to their defense against Garnerville's cross-claims in this action (see Matter of Kapon v Koch, 23 NY3d at 34; Lurie v Lurie, 226 AD3d at 996).
The Herschmanns' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., TAYLOR, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court